JUDGE SCHEINDLIN

Kenneth A. Goldberg (KG 0295)
**GOLDBERG & FLIEGEL LLP**
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077
Attorneys For The Plaintiff

**10 CIV 8460**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
OSCAR BRINSON,

                 :

        Plaintiff,

                 :

        - against -

                 :

CENTRAL BUSINESS SOLUTIONS,
DAMIEN MCCLAVE AND SANDRA ANGULO,:

        Defendants.     :
- - - - - - - - - - - - - - - - x

**COMPLAINT AND JURY DEMAND**

**JURY TRIAL DEMANDED**

RECEIVED

NOV 09 2010

S.D. N.Y.

## NATURE OF THE ACTION AND THE PARTIES

1.     This is a case about an African-American employee that was treated differently and fired because of his race and color.

2.     This is an action to redress unlawful discrimination and discharge based on race and color, unlawful retaliation, and unlawful employment practices, under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1866, as amended ("Section 1981"), 42 U.S.C. § 1981 et seq.; the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. L. § 290 et seq.; and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq.; and also for conversion.

3.     Plaintiff ("Mr. Brinson") is an adult male residing in New York.

4.    Upon information and belief, Central Business Solutions (the "Company") is a New York corporation with a principal place of business in the City and County of New York.  Defendant does business in and employed Plaintiff in the City and County of New York.

5.    Damien McClave is an adult male and, upon information and belief, he resides in Connecticut.  At all relevant times, he was President and CEO of the Company.

6.    Sandra Angulo is an adult female and, upon information and belief, she resides in Connecticut.  During the relevant period, she was an officer (Vice President) and director of the Company and was the Company's Director of Human Resources.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over Plaintiff's Title VII claims based on 42 U.S.C. §§ 2000e-5(f), 2000e-5(g), 1981a and 28 U.S.C. §§ 1331, 1343 and 2201; and over Plaintiff's Section 1981 claims under Section 1981, 42 U.S.C. §§ 1981, 1981a, 1988, and 28 U.S.C. §§ 1341, 1343 and 2201.  The Court has supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims, and conversion claim, based on 28 U.S.C. § 1367(a).

8.    Venue is proper in this district based on 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).

9.    In May 2008, Plaintiff filed a timely charge of discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC").

10.  On or about June 1, 2010, and following an
investigation, the EEOC issued a Determination in Plaintiff's
favor, stating:

> Based on its investigation of this charge, the
> Commission has determined that there is reasonable
> cause to believe Charging Party was treated differently
> and discharged on the basis of his race.

11.  On or about August 11, 2010, the EEOC mailed a Notice
of Right To Sue Letter to Plaintiff.

12.  Plaintiff mailed a copy of this Complaint to the New
York City Commission of Human Rights and the New York City
Corporation Counsel, satisfying the notice requirements of
N.Y.C. Admin. Code § 8-502(c).

13.  Plaintiff filed this lawsuit in a timely fashion and
satisfied all of the statutory prerequisites to filing same.

14.  Plaintiff seeks an award of appropriate relief.

## FACTS

15.  Mr. Brinson is an adult African-American male.

16.  The Company is a supplier of office electronic
equipment, particularly digital copying, printing and fax
machines.

17.  Mr. Brinson was employed by the Company as a sales
representative (also referred to as account executive) from about
October 2007 until the end of January 2008, when he was
unlawfully discharged.

-3-

18.  At all times, Mr. Brinson was qualified for his position.

19.  Mr. Brinson came to the Company with many years of sales experience and, prior to joining the Company, Mr. Brinson had spent many years developing a book of business/leads.  He carried that material in his briefcase and it was and is his personal property.

20.  On or about January 25, 2008, Mr. Brinson and three other employees (Jaeden Obeng, African-American male; Gabriel DelaRosa, Hispanic; and Joe Delbene, Caucasian) went out for drinks after work.  The group stopped by the Hudson Hotel and attended a birthday party of a Canon employee (the "Party").

21.  At the end of January 2008, Defendants suddenly fired Mr. Brinson.

22.  Defendants had no legitimate reason for their action.

23.  At the time Defendants fired Mr. Brinson, Defendants criticized Mr. Brinson for attending the Party and falsely alleged that Mr. Brinson gave "leads" to Canon employees at the Party.  This never occurred.

24.  Mr. Brinson had no reason to disclose leads, since doing so would decrease his own earning potential.  Furthermore, Mr. Brinson left his briefcase at the office.

25.  Mr. Brinson sought to generate business for the Company and gave his Company business card to potential clients and received business cards from potential clients.

-4-

26. Within two weeks after Defendants fired Mr. Brinson, Defendants fired Mr. Obeng, who is also African-American, and raised false accusations against Mr. Obeng relating to the Party.

27. Defendants treated Mr. Brinson (and Mr. Obeng) differently from Mr. Delbene and Mr. DelaRosa and engaged in unlawful discrimination based on race and color. Defendants unlawfully terminated Mr. Brinson based on his race and color. Mr. Brinson also believes that Mr. Obeng was unlawfully fired.

28. Mr. Brinson opposed, objected to and/or complained about Defendants' unlawful conduct and demanded the return of his briefcase and his personal property inside the briefcase.

29. Defendants returned the briefcase to Mr. Brinson, but unlawfully failed to return to Mr. Brinson various valuable personal property inside the briefcase, including without limitation: (a) leads from Mr. Blue (including numerous lawyers in Brooklyn), from Garcia & Brinson advertising, and from CCTV Network and business cards; (b) business card of Leonard Gordon; (c) yearly Metro Card; (d) Figaro link bracelet and Mont Blanc pen; and (e) other personal property and personal leads.

30. In addition, a baseless complaint was filed with the police against Mr. Brinson. Upon information and belief, Defendants caused this baseless complaint to be filed.

31. As noted above, in May 2008, Mr. Brinson timely filed an EEOC Charge.

32. In the Company's EEOC submissions, the Company admits that Mr. Brinson was not fired for poor job performance, stating

-5-

"Mr. Brinson was one of those employees whose employment did not end due to performance issues."

33. In the Company's EEOC submissions, the Company admits that before Mr. Brinson was fired, the Company knew that Mr. Brinson attended the Party, and the Company admits that Mr. Brinson did nothing wrong in attending the Party.

34. In the Company's EEOC submissions, the Company alleges that Mr. Brinson was fired solely because he was absent from work on January 28-30, 2008 and did not call in to report his absence.

35. To the contrary, Mr. Brinson was ill on those days and repeatedly called the Company to report his absences.

36. On January 28, 29 and 30, Mr. Brinson called the Company to advise it that he was ill and unable to report to work. Mr. Brinson's telephone records reflect the calls.

37. Thus, the Company's allegation before EEOC that Mr. Brinson failed to call in to advise the Company of his absence for medical reasons, was completely false.

38. Moreover, Mr. Brinson sought medical attention for his illness and faxed a doctor's note to the Company, which the Company received. This further confirms that Mr. Brinson had a valid reason for his absences.

39. Simply put, Mr. Brinson repeatedly called the Company and advised the Company that he would be absent due to medical illness, which illness was confirmed by Mr. Brinson's doctor.

40. Defendants unlawfully discriminated against Mr. Brinson because of his race and color and unlawfully discharged him.

-6-

41. Defendants unlawfully discriminated against Mr. Brinson regarding compensation, terms, conditions and privileges of employment.

42. Defendants unlawfully retaliated against Mr. Brinson.

43. Defendants' conduct constitutes unlawful discrimination and retaliation. Defendants engaged in unlawful conduct against Plaintiff in New York City.

44. Defendants' proffered reason for the conduct was a pretext for unlawful discrimination and unlawful retaliation.

45. Mr. Brinson engaged in protected activity as he opposed, objected to and complained about unlawful conduct. Defendants unlawfully retaliated against Mr. Brinson including, among other items, failing to return his personal property and causing to be filed a baseless complaint against him with the police.

46. Defendants knew or should have known of the unlawful discrimination and retaliation towards Mr. Brinson. Upon information and belief, Defendants condoned such unlawful conduct. Defendants failed to exercise reasonable care to prevent and correct the discrimination and retaliation.

47. Defendants' conduct, as alleged herein, was perpetrated with malice or reckless indifference to Mr. Brinson's rights to be free from discrimination and retaliation.

48. Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled, supported, ratified, approved, condoned and/or coerced

-7-

the unlawful conduct alleged herein, and Defendants are jointly
and severally liable for the unlawful conduct alleged herein.

49. Each Defendant is liable for the unlawful conduct
herein both as an "employer" under NYSHRL § 296(1) and NYCHRL §
8-107(1) and under the "aiding and abetting" provisions of NYSHRL
§ 296(6) and NYCHRL § 8-107(6).

50. As noted above, on or about June 1, 2010, the EEOC
issued a Determination in Plaintiff's favor, stating:

> Based on its investigation of this charge, the
> Commission has determined that there is reasonable
> cause to believe Charging Party was treated differently
> and discharged on the basis of his race.

## COUNT ONE

### (TITLE VII)

51. Plaintiff repeats and realleges every allegation in
paragraphs 1 through 50 of this Complaint with the same force and
effect as though fully set forth herein.

52. This Count is brought under Title VII, as amended, 42
U.S.C. § 2000e et seq., and reference is made to Title VII in its
entirety and to 42 U.S.C. §§ 2000e, 2000e(b), 2000e(f), 2000e-
2(a), 2000e-5(g), 2000e-5(k), and 42 U.S.C. § 1981a.

53. At all relevant times, the Company was an "employer"
within the meaning of Title VII.

54. At all relevant times, Plaintiff was an "employee"
within the meaning of Title VII.

-8-

55. Defendants' conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination, in violation of Title VII.

56. Defendants' conduct, as alleged herein, constituted unlawful retaliation in violation of Title VII.

57. Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination and retaliation.

58. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost wages and bonuses, lost back pay, lost front pay, lost commissions, lost benefits, lost interest and attorneys' fees and costs.

59. Plaintiff is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from the Company.

60. As a further result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries from the Company.

## COUNT TWO

### (SECTION 1981)

61. Plaintiff repeats and realleges every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as though fully set forth herein.

62. This Count is brought under Section 1981, 42 U.S.C. § 1981 et seq. and reference is made to Section 1981 in its entirety and to 42 U.S.C. §§ 1981, 1981a, 1988, 1988(b).

63. Defendants' conduct, as alleged herein, constituted unlawful discrimination against Plaintiff in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship," in violation of Section 1981.

64. Plaintiff engaged in protected activity under Section 1981. Defendants' conduct, as alleged herein, constituted unlawful retaliation in violation of the Section 1981.

65. Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's rights to be free from discrimination and retaliation.

66. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost wages and bonuses, lost back pay, lost front pay, lost commissions, lost benefits, lost interest and attorneys' fees and costs.

67. Plaintiff is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from the Defendants.

68. As a further result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries from the Defendants.

### COUNT THREE

#### (NYSHRL)

69. Plaintiff repeats and realleges every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as though fully set forth herein.

70. This Count is brought under the NYSHRL, N.Y. Exec. L. § 290 et seq. and reference is made to the NYSHRL in its entirety and to N.Y. Exec. L. §§ 292, 292(1), 292(5), 292(6), 296, 296(1), 296(1)(a), 296(1)(e), 296(3)(a), 296(3-a)(c), 296(6), 296(7), and 297(9).

71. At all relevant times, each Defendant was an "employer" within the meaning of the NYSHRL.

72. At all relevant times, Plaintiff was an "employee" within the meaning of the NYSHRL, and a "person" within the meaning of the NYSHRL.

-11-

73. Defendants' conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination, in violation of the NYSHRL, and unlawful aiding and abetting thereof.

74. Defendants' conduct, as alleged herein, constituted unlawful retaliation in violation of the NYSHRL, and unlawful aiding and abetting thereof.

75. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost wages and bonuses, lost back pay, lost front pay, lost commissions, lost benefits, and lost interest.

76. Plaintiff is entitled to recover such monetary and other damages, and interest from the Defendants.

77. As a further result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries from the Defendants.

## COUNT FOUR

### (NYCHRL)

78. Plaintiff repeats and realleges every allegation in paragraphs 1 through 77 of this Complaint with the same force and effect as though fully set forth herein.

79. This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq. and reference is made to the NYCHRL in its entirety and to N.Y.C. Admin. Code §§ 8-102, 8-102(1), 8-102(5), 8-107, 8-107(1), 8-107(1)(a), 8-107(6), 8-107(7), and 8-502.

80. At all relevant times herein, each Defendant was an "employer", "covered entity" and a "person" within the meaning of the NYCHRL.

81. At all relevant times herein, Plaintiff was a "person" within the meaning of the NYCHRL.

82. Defendants' conduct, as alleged herein, constituted "unlawful discriminatory practices" and unlawful discrimination in violation of the NYCHRL, and unlawful aiding and abetting thereof.

83. Defendants' conduct, as alleged herein, constituted unlawful retaliation in violation of the NYCHRL, and unlawful aiding and abetting thereof.

84. Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination and retaliation.

85. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost wages and bonuses, lost back pay, lost front pay, lost commissions, lost benefits, lost interest and attorneys' fees and costs.

86. Plaintiff is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from the Defendants.

87. As a further result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries from the Defendants.

## COUNT FIVE

### (CONVERSION)

88. Plaintiff repeats and realleges every allegation in paragraphs 1 through 87 of this Complaint with the same force and effect as though fully set forth herein.

89. Defendants have intentionally, wrongfully and without authorization taken, removed, exercised dominion or right of ownership over, interfered with, retained and converted to Defendants' own use and benefit Plaintiff's property, to the exclusion of Plaintiff's rights, in defiance of his rights, and to the detriment of Plaintiff.

90. Defendants had no right, title or interest to Plaintiff's property, as described above, or to any part thereof.

91. Plaintiff has been damaged by Defendants' unlawful conduct.

-14-

92.   Defendants' conduct, as alleged herein, constituted unlawful conversion.

93.   Plaintiff is entitled to possession of his property and an award of damages and lost interest and other relief from Defendants, including without limitation damages caused by Defendants' unlawful conduct, in an amount to be determined.

94.   Plaintiff is further entitled to an award of compensatory damages against Defendants for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in an amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment on all Counts, as follows:

(A)   On Count One, enter a judgment declaring the acts and practices of the Company to be in violation of Title VII;

(B)   On Count One, award Plaintiff as against the Company the amount of wages, including without limitation back pay, front pay, bonuses, commissions, benefits, and interest lost as a result of Defendants' unlawful conduct;

(C)   On Count One, award Plaintiff as against the Company consequential damages for losses resulting from Defendants' unlawful conduct;

-15-

(D)  On Count One, award Plaintiff as against the Company
compensatory damages for, among other items, injury, impairment
and damage to his good name and reputation, emotional distress,
mental anguish, emotional pain, suffering, inconvenience, loss of
enjoyment of life, lasting embarrassment and humiliation, and
other pecuniary and nonpecuniary losses;

(E)  On Count One, award Plaintiff as against the Company
punitive damages;

(F)  On Count One, award Plaintiff as against the Company
the costs of this action, together with reasonable attorneys'
fees;

(G)  On Count Two, enter a judgment declaring the acts and
practices of Defendants to be in violation of Section 1981;

(H)  On Count Two, award Plaintiff as against Defendants the
amount of wages, including without limitation back pay, front
pay, bonuses, commissions, benefits, and interest lost as a
result of Defendants' unlawful conduct;

(I)  On Count Two, award Plaintiff as against Defendants
consequential damages for losses resulting from Defendants'
unlawful conduct;

(J)  On Count Two, award Plaintiff as against Defendants
compensatory damages for, among other items, injury, impairment
and damage to his good name and reputation, emotional distress,
mental anguish, emotional pain, suffering, inconvenience, loss of
enjoyment of life, lasting embarrassment and humiliation, and
other pecuniary and nonpecuniary losses;

-16-

(K)  On Count Two, award Plaintiff as against Defendants punitive damages;

(L)  On Count Two, award Plaintiff as against Defendants the costs of this action, together with reasonable attorneys' fees;

(M)  On Count Three, enter a judgment declaring the acts and practices of Defendants to be in violation of the NYSHRL;

(N)  On Count Three, award Plaintiff as against Defendants the amount of wages, including without limitation back pay, front pay, bonuses, commissions, benefits, and interest lost as a result of Defendants' unlawful conduct;

(O)  On Count Three, award Plaintiff as against Defendants consequential damages for losses resulting from Defendants' unlawful conduct;

(P)  On Count Three, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

(Q)  On Count Four, enter a judgment declaring the acts and practices of Defendants to be in violation of the NYCHRL;

(R)  On Count Four, award Plaintiff as against Defendants the amount of wages, including without limitation back pay, front pay, bonuses, commissions, benefits, and interest lost as a result of Defendants' unlawful conduct;

(S) On Count Four, award Plaintiff as against Defendants consequential damages for losses resulting from Defendants' unlawful conduct;

(T) On Count Four, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

(U) On Count Four, award Plaintiff as against Defendants punitive damages;

(V) On Count Four, award Plaintiff as against Defendants the costs of this action, together with reasonable attorneys' fees;

(W) On Count Five, award Plaintiff as against Defendants damages to compensate Plaintiff for Defendants' unlawful conversion;

(X) On Count Five, award Plaintiff as against Defendants damages to compensate Plaintiff for additional damages arising out of and/or flowing from Defendants' unlawful conduct;

(Y) On Count Five, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

-18-

(Z) On Count Five, award Plaintiff as against Defendants lost interest at the applicable rate;

(AA) On All Counts, award Plaintiff any and all other damages and relief provided by the applicable statutes; and

(BB) Grant Plaintiff such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff demands a jury trial for all issues triable.

Dated:   New York, New York
         November 9, 2010

GOLDBERG & FLIEGEL LLP

By: *Kenneth a. Goldberg*

Kenneth A. Goldberg (KG 0295)
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077
Attorneys for Plaintiff