UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

OSCAR BRINSON,                                              Docket No. 10 Civ. 8460 (SAS)

                      Plaintiff,

    - against -                                          **ANSWER WITH**
                                                                            **COUNTERCLAIM**

CENTRAL BUSINESS SOLUTIONS,
DAMIEN McCLAVE and SANDRA ANGULO,

                      Defendants.

------------------------------------------------------------x

        Defendants, Central Business Solutions, Inc. (s/h/a Central Business Solutions), Damien McClave and Sandra Angulo, by their attorneys, Kestenbaum, Dannenberg & Klein, LLP, as and for their Answer to the Complaint in the above-entitled action, dated November 9, 2010, allege as follows:

        1.     Deny each and every allegation in paragraph 1 of the Complaint.

        2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 2 and 3 of the Complaint.

        3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, except admit that Central Business Solutions, Inc. (the "Company") is a New York corporation with a principal place of business in the City and County of New York, and that the company employed plaintiff in the City and County of New York during the period from October 18, 2007 to January 30, 2008.

        4.     Admit the allegations in paragraph 5 of the Complaint.

5. Deny each and every allegation in paragraph 6 of the Complaint, except admit that defendant Sandra Angulo is an adult female residing in the State of Connecticut and that she was, for a period of time, an officer and the Director of Human Resources of the Company.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 7 and 8 of the Complaint, except respectfully refer questions of law to the Court.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, except respectfully refer to the referenced document for the terms and provisions thereof.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 11, 12, 13 and 14 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

11. Admit the allegations in paragraph 16 of the Complaint.

12. Deny each and every allegation in paragraph 17 of the Complaint, except admit that plaintiff was employed by the Company as a sales representative from October 18, 2007 to January 30, 2008.

13. Deny each and every allegation in paragraph 18 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, except admit, upon information and belief, that on January 25, 2008 plaintiff and three other individuals who were then employed by the Company went to the Hudson Hotel bar, where they attended a birthday party along with one or more employees of a Canon company distributorship.

16. Deny each and every allegation in paragraph 21 of the Complaint, except admit that plaintiff's employment by the Company was terminated effective January 30, 2008.

17. Deny each and every allegation in paragraphs 22 and 23 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, except admit that plaintiff had left his briefcase in the Company's office prior to the termination of his employment.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

20. Deny each and every allegation in paragraph 26 of the Complaint, except admit that the Company's employment of Jaeden Obeng was terminated within two weeks after the termination of plaintiff's employment, and deny knowledge or information sufficient to form a belief as to the truth of the allegation regarding Mr. Obeng's race or ethnicity.

21. Deny each and every allegation in paragraph 27 of the Complaint.

22. Deny each and every allegation in paragraph 28 of the Complaint, except admit that, in response to a request by plaintiff following the termination of his employment, the Company returned his briefcase and his personal property inside the briefcase.

23. Deny each and every allegation in paragraph 29 of the Complaint, except admit that the Company returned plaintiff's briefcase to him.

24. Deny each and every allegation in paragraph 30 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, except admit that among the Company's submissions to the EEOC in response to plaintiff's charge was an Affidavit of Michael Zioli, sworn to September 24, 2008 (and purportedly recanted by Mr. Zioli on December 18, 2008), the past sentence of paragraph 8 of which provided as follows:

> "Mr. Brinson was one of those employees whose employment did not end due to performance issues, although I note that he did not make a single sale during the entire three months in which he was employed by the company (as a result of which, had he not been terminated for cause when he was, I believe he probably would have been asked to leave some three months later, unless he was able to reverse his lack of production)."

27. Deny each and every allegation in paragraph 33 of the Complaint, except admits (and admitted in response to plaintiff's EEOC charge) that plaintiff's employment by the Company was not terminated due to his attendance at the referenced party.

28. Admit the allegations in paragraph 34 of the Complaint.

29. Deny each and every allegation in paragraph 35 of the Complaint.

30. Deny each and every allegation in paragraph 36 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation regarding what is reflected in plaintiff's telephone records.

31. Deny each and every allegation in paragraph 37 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

33. Deny each and every allegation in paragraphs 39, 40, 41, 42, 43, 44, 45, 46, 47, 48 and 49 of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint, except respectfully refer to the referenced document for the terms and provisions thereof.

**Regarding Count One**

35. With respect to the allegations in paragraph 51 of the Complaint, repeat and reallege as set forth above.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 52, 53 and 54 of the Complaint, except respectfully refer questions of law to the Court.

37. Deny each and every allegation in paragraphs 55, 56, 57, 58, 59 and 60 of the Complaint.

**Regarding Count Two**

38. With respect to the allegations in paragraph 61 of the Complaint, repeat and reallege as set forth above.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint, except respectfully refer questions of law to the Court.

40. Deny each and every allegation in paragraphs 63, 64, 65, 66, 67 and 68 of the Complaint.

*Regarding Count Three*

      41.    With respect to the allegations in paragraph 69 of the Complaint, repeat and reallege as set forth above.

      42.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 70, 71 and 72 of the Complaint, except respectfully refer questions of law to the Court.

      43.    Deny each and every allegation in paragraphs 73, 74, 75, 76 and 77 of the Complaint.

*Regarding Count Four*

      44.    With respect to the allegations in paragraph 78 of the Complaint, repeat and reallege as set forth above.

      45.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 79, 80 and 81 of the Complaint, except respectfully refer questions of law to the Court.

      46.    Deny each and every allegation in paragraphs 82, 83, 84, 85, 86 and 87 of the Complaint.

*Regarding Count Five*

      47.    With respect to the allegations in paragraph 88 of the Complaint, repeat and reallege as set forth above.

      48.    Deny each and every allegation in paragraph 89 of the Complaint.

      49.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Complaint.

50. Deny each and every allegation in paragraphs 91, 92, 93 and 94 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

51. Upon information and belief, Count One of the Complaint is time barred under 42 U.S.C. § 2000e-5(f)(1).

### SECOND AFFIRMATIVE DEFENSE

52. With regard to Counts One, Two, Three and Four of the Complaint, this Court lacks subject matter jurisdiction over defendants Damien McClave and Sandra Angulo on the ground that no administrative claim was brought by plaintiff against either one of them before any federal, state or city agency.

### THIRD AFFIRMATIVE DEFENSE

53. Counts One, Two, Three and Four of the Complaint are barred as against defendants Damien McClave and Sandra Angulo on the basis of non-occurrence of a condition precedent – that is, the filing of an administrative claim against either one of them in some federal, state or city agency.

### COUNTERCLAIM

54. Upon information and belief, plaintiff is a resident and domiciliary of the State of New York.

55. Defendant Central Business Solutions, Inc. (the "Company") is a New York corporation doing business in the City, County and State of New York.

56. Upon plaintiff's becoming employed by the Company on October 8, 2007, and in consideration of that employment, plaintiff and the Company executed and entered into the "Central Business Solutions Employee's Non-compete Agreement" (the "Agreement").

57. The Agreement (Section 12A) provided, in pertinent part, as follows:

"Company agrees to provide Employee with such training as is necessary to Employee's performance of his or her duties, at Company's expense. However, in the event that Employee's employment is terminated by either party for any reason within one (1) year of such training, Employee shall reimburse Company pro rata for all training costs and expenses incurred by Company."

58. The Company did provide training to plaintiff and did incur costs and expenses for such training.

59. Plaintiff's employment was terminated effective January 30, 2008, within one year of such training.

60. As a result of the foregoing, the Company is entitled to reimbursement by plaintiff of its training costs and expenses provided to plaintiff, in an amount that will be proved upon the trial of this action, as well as of the Company's attorneys' fees, court costs and expenses in connection with this counterclaim.

## JURY DEMAND

61. Defendants respectfully demand a trial by jury with regard to each of the claims and the counterclaim asserted in this action.

**WHEREFORE**, defendants respectfully demand judgment against plaintiff as follows:

    i.    dismissing each of the counts in the Complaint, as against each of the defendants, and awarding to defendants such attorneys' fees and expenses as may be permitted by applicable federal, state or city law, ordinance or regulation;

    ii.    on the counterclaim, awarding to the Company an amount that will be proved upon the trial of this action, including the Company's attorneys' fees, court costs and expenses in connection with the counterclaim;

      iii.    with regard to all of the counts in the Complaint, and the counterclaim in this Answer, such other and further relief as to this Court may seem just and equitable.

Dated: January 18, 2011

                             **KESTENBAUM, DANNENBERG & KLEIN, LLP**
                             Attorneys for Defendants

                             By: _____
                                Jeffrey C. Dannenberg (JD-3270)
                             104 West 40th Street (20th Floor)
                             New York, New York 10018
                             (212) 486-3370